943 F.2d 53
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Earl Lester HUMPHREYS, Defendant-Appellant.
 No. 91-5202.
 United States Court of Appeals, Sixth Circuit.
 Sept. 10, 1991.
 
 Before RALPH B. GUY, Jr. and BOGGS, Circuit Judges, and HARVEY, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Defendant, Earl Humphreys, was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Prior to trial, Humphreys filed a motion challenging the seizure of the firearm in question. The district court refused to suppress this evidence, and defendant's appeal is limited to challenging this decision.[1]
 
 
 2
 Upon review of the record, we conclude that the motion to suppress was properly denied, and we affirm.
 
 I.
 
 3
 The Tennessee Drug Task Force (TDTF) received reliable information that the defendant was dealing in drugs and that he had in excess of one pound of marijuana in his home. The officers secured and executed a search warrant on January 16, 1990. The search warrant did not specifically mention firearms.
 
 
 4
 When the warrant was executed, Humphreys was at home but initially tried to hide from the officers. Humphreys's wife was also present. In making an initial sweep of the premises, the officers discovered a 30.06 caliber Remington rifle on a bedroom closet shelf. The firearm was not covered or hidden in any way. On the same shelf, the officers found plastic bags containing marijuana seeds. Rolling papers also were found in the closet. From the bedroom in which the closet was located, the officers seized $26,000 in cash. An additional $8,000 in cash was found elsewhere in the house.
 
 
 5
 It is undisputed that defendant also voluntarily told the officers that he kept marijuana and money in his home; that had the officers come a few days earlier they could have recovered $20,000 worth of marijuana, which he had since distributed; that he had purchased all of his belongings, except for one car, with money earned from dealing marijuana; and that he had no employment. Based on these admissions, the officers seized all of the defendant's personal belongings and subsequently instituted civil forfeiture proceedings. The property was ultimately forfeited pursuant to Tennessee Code Annotated § 53-11-451 (1990) (formerly Tennessee Code Annotated § 53-11-409).
 
 II.
 
 6
 In his suppression motion, defendant argued that, since the warrant did not allude to firearms, the rifle was seized illegally. The government countered that, under the plain view doctrine, the rifle was subject to seizure. Both parties agree that, for the plain view doctrine to apply, two criteria must be met: the initial intrusion must be lawful and the incriminatory nature of the evidence must be immediately apparent to the officers. Horton v. California, 110 S.Ct. 2301 (1990). Defendant only raises an issue as to the second prong of the Horton test. Humphreys argues that an unconcealed hunting rifle located on the shelf of a bedroom closet is not an object that by its intrinsic nature would be observed as incriminating. In resolving this issue against the defendant, the magistrate judge concluded:
 
 
 7
 [T]he fact that the officers were searching for drugs at the time of the discovery of the rifle must be given consideration. Clearly, officers searching for financial documents or jewelry and television sets, as in Poulos and Szymkowiak, supra, would not have probable cause to seize a hunting rifle. However, the officers here were searching for narcotics and the nature of that crime renders this weapon a "tool of the trade." As stated in United States v. Marino, 658 F.2d 1120, 1123 (6th Cir.1981), the nature of the crime expected when a warrant is executed is important in determining whether or not evidence should be suppressed. In that case, the Sixth Circuit found that a .25 caliber semi-automatic pistol, seized from the briefcase of the defendant, and a shotgun which was seized from the defendant's suitcase were admissible at trial despite the fact that the defendant was not charged with firearm violations. The Court of Appeals stated that admission of the guns in the prosecution of the defendant's alleged conspiracy to import cocaine was relevant evidence that the defendant committed crimes with which he was charged, and the admission of the guns did not outweigh the risk of unfair prejudice. The Court stated that " 'dealers in narcotics are well known to be dangerous criminals usually carrying weapons.' " Marino, supra, at 1193, quoting United States v. Korman, 614 F.2d 541, 546 (6th Cir.) cert. denied 446 U.S. 952 (1980).
 
 
 8
 As the Government correctly points out, the majority of the circuit courts recognize that weapons are tools of a drug dealer's trade. These courts, including the Sixth Circuit, have recognized and found that there is a relationship between drug traffickers and weapons. If this relationship is apparent to the courts, then it should also [be] found to be apparent to officers entrusted with the duty of enforcing the law.
 
 
 9
 (App. at 115-16). We agree with this analysis.
 
 
 10
 Also, there are two alternative grounds supporting the seizure of the rifle. First, the loaded rifle was in close proximity to drugs, drug paraphernalia, and substantial amounts of cash. As such, the officers had probable cause to believe the rifle was being used during or in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c).[2]
 
 
 11
 Second, the search warrant affidavit recites that the affiant has information received from other police officers that Humphreys had prior drug convictions. Although the defendant argues that the searching officers did not know whether any prior conviction was for a felony, the test is not one of proof positive. If there were reasonable grounds to believe that defendant did have prior drug convictions, the fact that the officers were not sure the prior convictions were felony convictions arguably would not vitiate the seizure. We need not resolve this issue in a definitive manner, however, since it is offered only as an alternative to our primary holding.[3]
 
 
 12
 AFFIRMED.
 
 
 
 *
 Honorable James Harvey, United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 The district judge referred the motion to suppress to a magistrate judge for a report and recommendation. After holding a hearing, the magistrate judge recommended that the motion be denied. Defendant filed objections to the magistrate judge's recommendation, and the district judge initially referred the matter back to the magistrate judge for further review. The magistrate judge filed a supplemental report and recommendation that was adopted by the district court. Although the defendant filed no objections to this supplemental report and recommendation, we find it unnecessary to discuss the significance of this failure
 
 
 [2]
 For support of this theory, see United States v. Henry, 878 F.2d 937, 944 (6th Cir.1989). The fact that Humphreys was not prosecuted under 18 U.S.C. 924(c) is not relevant to the propriety of the seizure
 
 
 [3]
 We find it unnecessary to discuss yet another theory offered by the government--that the seizure of the firearm was permissible for safety reasons